UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CHAUNCEY WATKINS,            )
                             )
        Plaintiff,           )
                             )
    v.                       )    No. 4:17-CV-1243 DDN
                             )
UNKNOWN PRESSON, et al.,     )
                             )
        Defendants.          )

### MEMORANDUM AND ORDER

This matter is before the Court upon the motions of plaintiff (registration no.32957), an inmate at St. Louis County Justice Center, for leave to commence this action without payment of the required filing fee [Doc. #7 and #10]. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will not assess an initial partial filing fee at this time.[1] *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will order plaintiff submit an amended pleading within thirty (30) days of the date of this Memorandum and Order.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams,* 490 U.S. 319, 328 (1989); *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of

---

[1] A review of plaintiff's prison account statement shows that he has a negative account balance at the Justice Center.

vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

## The Original Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are Police Officers Unknown Presson, Unknown Carmen and Unknown Sullivan. Defendants are named in their official capacities.

Plaintiff asserts that Police Officer Presson violated his constitutional rights by allegedly "assaulting" him and "striking him" in the face. Plaintiff also asserts that Police Officer Carmen violated his rights by "assisting Presson in depriving [him] of [his] liberty without due process of law and assisting [him] with cruel and unusual punishment."

Plaintiff alleges that Police Officer Sullivan "did nothing to enforce [his] rights knowing that [he] was placed under arrest before the bag was even searched." He seeks monetary damages and injunctive relief.[2]

In his motions to supplement his complaint [Doc. #5 and 6], plaintiff seeks to add additional claims and additional defendants to this action. He has not included a proposed amended complaint, instead merely filing with the Court "supplemental" documents seeking to add, by interlineation, his additional claims and parties. Such practices are not proper under the Federal Rules. *See also Popoalii v. Correctional Medical Services,* 512 F.3d 488, 497 (8th

---

[2]It appears that plaintiff's complaint refers to his arrest by Officers Presson, Sullivan and Carmen on or about July 13, 2016. On that date, plaintiff was charged with felony stealing and resisting arrest by the Brentwood Police Department. *See State v. Watkins,* No. 16SL-CR06087-01 (21st Judicial Circuit, St. Louis County Court). This action is still pending.

Cir.2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amendment was not submitted with the motion).

Federal Rule of Civil Procedure 7 does not contemplate a "supplemental complaint." Thus, plaintiff will be required to file a full amended complaint in order to amend his pleadings and his motions to supplement his complaint will be denied. [Doc. #5 and #6].

## Discussion

Plaintiff has sued defendants in their "official capacities." Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity, such as the Brentwood Police Department, was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint currently fails to state a claim upon which relief can be granted.

Additionally, as plaintiff's complaint is currently written, the only defendant personally involved in allegedly violating his constitutional rights was Officer Presson, who plaintiff states unlawfully struck him during the course of his arrest. In order to show liability under § 1983, a plaintiff must allege that a state actor was directly responsible for an alleged violation of plaintiff's purported deprivation of rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights.");*see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally

involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). As a result, even if plaintiff had made allegations against the defendants in their individual capacities, he has not clearly alleged personal responsibility for an Eighth Amendment violation on behalf of Officers Carmen and Sullivan.

Last, to the extent plaintiff alleges that he was falsely arrested by any of the alleged defendants, these claims may, in fact, need to be stayed during the pendency of his underlying state criminal action pursuant to the case of *Wallace v. Kato*, 549 U.S. 384 (2007).

In *Wallace v. Kato,* the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." *Wallace,* 549 U.S. at 397. The Court observed that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Id.* at 388.

The Supreme Court instructed that where "a plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

Given that plaintiff's claims are subject to dismissal as currently claimed, and because it is unclear exactly what claims plaintiff is attempting to bring against Officer Sullivan, the Court will allow plaintiff to amend his complaint on a court-provided form. Plaintiff has thirty (30)

4

days from the date of this Order to file an amended complaint in accordance with the specific instructions set forth here. All claims in the action must be included in one, centralized complaint form. *See* Fed. R. Civ. P. 7(a)(1), 8(a).

**Additionally, plaintiff is warned that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings, so plaintiff must include each and every one of the claims he wishes to pursue in the amended complaint.** *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). **Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered.** *Id.* **The allegations in the complaint must show how each and every defendant is directly responsible for the alleged harms. If plaintiff wishes to sue defendants in their individual capacities, plaintiff must specifically say so in the amended complaint. If plaintiff fails to sue defendants in their individual capacities, this action may be subject to dismissal.**

All of plaintiff's claims should be clearly set forth in the "Statement of Claim." If plaintiff fails to file an amended complaint on the Court's form within thirty (30) days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions to proceed in forma pauperis [Doc. #7 and #10] are **GRANTED**.

**IT IS FURTHER ORDERED** that no filing fee will be assessed at this time.

**IT IS FURTHER ORDERED** that plaintiff's motions to supplement his complaint [Doc. #5 and #6] are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint on the Court's form within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice. If the case is dismissed for non-compliance with this Order, the dismissal will **not** count as a "strike" under 28 U.S.C. § 1915(g).

Dated this 25th day of July, 2017.

_____
DAVID D. NOCE
UNITED STATES MAGISTRATE JUDGE