UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| CHAUNCEY LEON WATKINS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-1243 DDN |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of plaintiff's amended complaint. Based upon a review of the amended complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," nor will a complaint suffice if it tenders bare assertions devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When conducting initial review pursuant to § 1915(e)(2), the Court must accept as true the allegations in the complaint, and must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the tenet that a court must accept the allegations as true does not apply to legal conclusions, *Iqbal*, 556 U.S. at 678, and affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in

1

ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## The Amended Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Plaintiff is currently incarcerated in the St. Louis County Justice Center. He filed the present action on April 3, 2017, against three defendants. The Court reviewed his complaint pursuant to 28 U.S.C. § 1915 and found it subject to dismissal for failure to state a claim upon which relief may be granted. Nonetheless, because plaintiff is proceeding *pro se*, plaintiff was provided with time to amend his pleading.

In plaintiff's amended complaint, he has named ten (10) individuals and entities as defendants in this action, including: the State of Missouri; Brentwood Police Department; Police Officer Unknown Presson; Sergeant Unknown Carmen; Police Officer Sullivan; Judge Tom DePriest; Judge Brian May; Prosecutor Jeffrey Pauck; Public Defender Travis Martin; and Public Defender Stephen Reynolds.

Plaintiff has not provided the Court with a full "Statement of Claim" in his amended complaint. Plaintiff has stated generally that he was subjected to "cruel and unusual punishment" and "due process [violations]" and "assault." He has not stated the dates of the alleged violations or who purportedly perpetrated such violations in his "Statement of Claim." Instead, in the section of the amended complaint marked, "Relief," plaintiff has stated:

2

Subpoena video from Brentwood I-64 MetroLink Station on 7-13-16, 10:22p-11:00pm, See mugshots from University City PD on 7-14-16 & mugshots from St. Louis County Justice Center on 7-15-16 for verification, afforded legal representation, a jury trial & 1 million dollars.

Plaintiff brings this action against defendants in their official capacities only. He seeks compensatory and punitive damages.

**Discussion**

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a **policy or custom of the government entity** is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978) (emphasis added). The instant complaint does not contain any allegations that a policy or custom of St. Louis County was responsible for the alleged violations of plaintiff's constitutional rights. Therefore, the complaint, as a whole, fails to state a claim against which relief may be granted.

Additionally, the complaint is legally frivolous against the entity known as "Brentwood Police Department" because this entity is not subject to suit. *See Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."). Furthermore, the State of Missouri, is absolutely immune from liability under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989).

In order for an individual to be liable under § 1983, a causal link to, and direct responsibility for, the purported deprivation of rights must be alleged. *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985)

3

(claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). In the instant action, plaintiff has not set forth any facts indicating that any of the named defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights. Additionally, plaintiff has not brought this case against any of the defendants in their individual capacities. As a result, the complaint fails to state a claim upon which relief can be granted.[1]

Furthermore, it appears that plaintiff has named one or two supervisors as defendants in this action. The doctrine of respondeat superior is not applicable to § 1983. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995); see also, *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983); *Woods v. Goord,* 1998 WL 740782, at *6 (S.D.N.Y. October 23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983). Thus, even if plaintiff had named the supervisory defendants in their individual capacities, these defendants could not be held liable in this action.

Last, plaintiff's complaint is legally frivolous as to Judges Tom DePriest and Brian May because judges are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" *Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003) (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)). And plaintiff's complaint is legally frivolous as to defendant Jeffrey Pauck because, where "the prosecutor is acting as advocate for

---

[1]When the Court reviewed the original complaint, it appeared that plaintiff's complaint referred to an arrest of plaintiff by Officers Presson, Sullivan and Carmen on or about July 13, 2016. On that date, plaintiff was charged with felony stealing and resisting arrest by the Brentwood Police Department. *See State v. Watkins*, No. 16SL-CR06087-01 (21st Judicial Circuit, St. Louis County Court). A review of Missouri Case.Net shows that the matter is still pending. However, plaintiff's amended complaint does not refer directly to the arrest by defendants Presson, Sullivan and Carmen, and plaintiff was told in the Court's prior Memorandum and Order that the amended complaint would supersede the prior and supplemental filings.

the state in a criminal prosecution, [] the prosecutor is entitled to absolute immunity." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). Additionally, the complaint fails to state a claim upon which relief can be granted against public defenders Stephen Reynolds and Travis Martin because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). As a result of the aforementioned, this action is dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 11th day of September, 2017.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE